UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                    :
JUAN "TONY" MOLINA,                                 :
                                                    :
                                  Plaintiff,        :          23-CV-1537 (JMF)
                                                    :
              -v-                                   :          MEMORANDUM
                                                    :          OPINION AND ORDER
PALISADES FEDERAL CREDIT UNION,                     :
                                                    :
                                  Defendant.        :
                                                    :
------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Juan "Tony" Molina, the former Chief Executive Officer of Palisades Federal

Credit Union ("PFCU"), brings breach of contract, unjust enrichment, and fraudulent

inducement claims against PFCU.  Specifically, Molina contends that a 2014 offer letter and

subsequent employment agreements, "read together, constitute a valid contract" to provide

him with deferred compensation benefits that PFCU then failed to provide.  ECF No. 23

("Pl.'s Mem."), at 7; *see* ECF No. 1 ("Compl."), ¶¶ 19, 24.  PFCU now moves, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Molina's claims.  ECF No.

6; *see also* ECF No. 6-3 ("Def.'s Mem.").[1]  In response, Molina concedes that his unjust

enrichment and fraudulent inducement claims cannot be sustained and, thus, opposes the

motion to dismiss only as to his contract claim.  *See* Pl.'s Mem. 2.  But that claim also fails as

a matter of law and must be dismissed.

---

[1]     PFCU's motion also sought to transfer venue from the District of New Jersey, where
this case was originally filed, to this Court.  *See* Def.'s Mem. 8-15.  That portion of PFCU's
motion was granted and the case was transferred here.  *See* ECF No. 11.

For starters, Molina "fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019); *see also Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 312 (S.D.N.Y. 2014) (dismissing a contract claim where the complaint alleged, "in a conclusory fashion, that there was an express contractual relationship between the parties, but it d[id] not include any details regarding this alleged express contract" (internal quotation marks omitted)). Molina does identify three different agreements — a 2014 Offer Letter, a 2017 Deferred Compensation Agreement, and a 2020 Employment Agreement — but he fails to allege, except in conclusory fashion, the particular terms of these contracts, singly or taken together, that PFCU allegedly breached. *See* Compl. ¶ 24 ("Defendant committed a substantial and material breach of the Agreements by not paying Plaintiff the amounts owed him under the deferred compensation plan it had in place for Plaintiff."). That failure alone is fatal to Molina's contract claim. *See, e.g.*, *Lim v. Radish Media Inc.*, No 22-1610, 2023 WL 2440160, at *2 (2d Cir. Mar. 10, 2023) (summary order) (affirming dismissal of a contract claim on the ground that the plaintiff had "fail[ed] to . . . provide factual allegations regarding, *inter alia*, . . . the contract's major terms").

Molina's failure to specify the contract terms that allegedly support his claim is likely due to the fact that he has no claim. In the 2014 Offer Letter, PFCU agreed to "implement" a deferred compensation plan that "guarantees a lump sum benefit in amounts and at ages as agreed upon by [Molina] and the Board of Directors." Compl. Ex. A, at 1. But that promise was fulfilled by the execution and performance of the 2017 Deferred Compensation Agreement, which provided for the creation of just such a plan, with "a single lump sum"

payment.  Compl. Ex. B, at 2.  That promise, in turn, was satisfied by payments in 2018 and/or 2019.  *See* Compl. ¶¶ 11-12.  The only other Agreement identified in, and attached to, the Complaint is the 2020 Employment Agreement, which provided, in relevant part, that Molina "shall be entitled to participate in any and all retirement plans, pension plans, insurance plans as set forth herein, disability plans, plans for deferred compensation or other similar plans or policies of the Credit Union in effect for the benefit of its senior management employees."  Compl. Ex. C, at 4.[2]  But nowhere in the Complaint does Molina identify any deferred compensation plan (aside from the fulfilled 2017 Deferred Compensation Plan) that is "in effect" or would otherwise fall within the scope of that provision.  *See, e.g.*, *O'Grady v. BlueCrest Cap. Mgmt. LLP*, 646 F. App'x 2, 5 (2d Cir. 2016) (summary order) (holding that where a condition precedent purportedly gives rise to a contractual obligation, it must be alleged in order to state a claim for breach).[3]

In short, Molina fails to allege facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To the extent that Molina identifies any contractual agreement to pay him deferred compensation at all, his own allegations make plain that it was paid.  *See* Compl. ¶¶ 11-12.  And beyond that, his vague allegation that he was denied a "deferred compensation benefit" that "he had been

---

[2]    The parties also reference a 2016 Employment Agreement, the terms of which were materially identical to the 2020 Employment Agreement.  *See* Def.'s Mem. 4, 17-19; Pl.'s Mem. 7 n.1.  But the Court need not and does not decide whether it can consider that Agreement, which is not referenced in, or attached to, Molina's Complaint, as Molina's claim would fail either way.

[3]    In light of the foregoing, the Court need not and does not address PFCU's argument that the 2020 Employment Agreement superseded all prior agreements between the parties.  *See* Def.'s Mem. 18-20.  Even if it did not, Molina's claim would fail.

promised," Compl. ¶ 18, is too "conclusory . . . to establish the existence of a contract," *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *7 (S.D.N.Y. Sept. 26, 2019). Accordingly, his contract claim must be and is dismissed.

For the foregoing reasons, PFCU's motion to dismiss is GRANTED. The Clerk of Court is directed to terminate ECF No. 6, to enter judgment in favor of PFCU, and to close the case.

SO ORDERED.

Dated: October 12, 2023
New York, New York

JESSE M. FURMAN
United States District Judge